# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT, | 1:09-CV-00419 LJO SMS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| KEN CLARK, | [Doc. #19] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Francisco, following his conviction in 1982 for unspecified crimes. (Pet. at 2.) On June 3, 1982, Petitioner was sentenced to serve a term of thirty-three years in state prison. (Pet. at 8.)

Petitioner claims certain changes made to the state's credit loss and earning statutes in 1982 and 1983 amount to ex post facto violations. He claims he would have paroled in 1999 if not for these changes.

On March 5, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On December 31, 2009, Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1) and for failure to exhaust. Petitioner filed an opposition on January 25, 2010.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on March 5, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, judgment was entered in 1982. Under § 2254(d)(1)(A), the one-year limitations period expired long ago. Even giving Petitioner the benefit of § 2254(d)(1)(D), the limitations period is untimely by at least ten years. Petitioner claims he should have paroled in 1999 if not for the 1982 and 1983 changes. As Petitioner did not parole at that time, he should have, or through the exercise of due diligence, could have discovered the factual predicate of his claims in 1999 at the very latest.

C.  <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In this case, Petitioner does not show he filed any post-conviction collateral challenges with respect to the pertinent judgment in the state courts within the one-year limitations period. Therefore, he is not entitled to any statutory tolling and the petition remains untimely.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

1  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to
2  comply with 28 U.S.C. § 2244(d)'s one year limitation period.
3       This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
4  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
5  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
6  California.  Within thirty (30) days after date of service of this Findings and Recommendation, any
7  party may file written objections with the Court and serve a copy on all parties.  Such a document
8  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
9  the Objections shall be served and filed within fourteen (14) days after service of the Objections.
10 The Finding and Recommendation will then be submitted to the District Court for review of the
11 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
12 to file objections within the specified time may waive the right to appeal the Order of the District
13 Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
14
15
16 IT IS SO ORDERED.
17 **Dated:   April 27, 2010**            **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE
18